(20 Misc. Rep. 617.)

ELISBERG v. MARKS et al.

(Supreme Court, Appellate Term.   July 1, 1897.)

ACTION ON NOTE—CONSIDERATION—QUESTION FOR JURY.

Upon the trial of an action involving the question whether plaintiff's assignor had given value for a note, such assignor testified that she had given for it two checks, and had canceled an indebtedness of an indorser of the note, which, with such checks, equaled the amount of the note. On the other hand, it was testified that the note was delivered on a promise to pay its value, and that the checks related to a different transaction. *Held*, that the case presented a question for the jury.

Appeal from Fourth district court.

Action by Benjamin Elisberg against Samuel Marks and others. Judgment for defendants, and plaintiff appeals.    Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles Steckler, for appellant.
Louis S. Finn, for respondents.

BISCHOFF, J.   The plaintiff claimed upon a promissory note assigned to him after maturity, and the defense was that no consideration had passed to the defendants from the plaintiff's assignor, one Persche Weingrow, when the note came into the latter's hands.   As assignee after maturity, the plaintiff held the note subject to all defenses available to the defendants (the makers and the indorser) as against the assignor, and the issue at the trial was solely as to whether or not Mrs. Weingrow became a holder for value when the instrument reached her possession.   This note was for $150, payable in 30 days, made by the defendants Marks and Needle to their own order, and indorsed by them and by the defendant Kostrinsky, the latter's indorsement having been made at the time of the transfer of the paper by him to the plaintiff's assignor.   What took place at the time of this transfer was the matter in dispute.   Kostrinsky had received the note from Marks for the purpose of having it discounted, and to this end he brought it to the plaintiff's assignor, with whom he had had business dealings.   For the plaintiff it was testified by Mrs. Weingrow and by her husband that payment was made by her in full when the note was delivered, two checks having been made out by her and given to Kostrinsky at the time, aggregating $128.70, and an indebtedness from him to her of $21.30 having been canceled.   This was directly contradicted by Kostrinsky, who testified that these two checks were received by him in payment of a balance due him from Mrs. Weingrow for goods sold to her, and had nothing whatever to do with the transaction in suit.   According to him, he had indorsed the note over to her upon the representation that she would pay the

amount, but this payment was never made, and the note was negotiated by plaintiff's assignor for her own benefit. Examination shows that the account of the matters in question, as given by Kostrinsky, was in every way as unshaken and apparently as straightforward as was the version given by the plaintiff's assignor and her husband, and while both stories could not, of course, be true, neither was inherently improbable. Nor did extrinsic matter lend greater probability to the Weingrows' testimony; the tendency was rather to the contrary. The checks actually given to Kostrinsky did not represent the amount of the note, and so are without much significance as substantiating proof for the plaintiff; but they were dated May 3, 1894, and, according to the testimony of the party who discounted the note for the Weingrows,—apparently a disinterested witness,—the instrument was presented to him by Weingrow at some time in April. It may be said that this tended to cast doubt upon the testimony that the note was transferred to Mrs. Weingrow by Kostrinsky in return for checks drawn upon the day of that transaction. The case involved a sharp conflict of evidence, but it was peculiarly for the jury to determine the facts, aided as they were by the opportunity of observing the witnesses, and of gaining impressions as to their credibility through their appearance and demeanor at the trial. Upon this appeal the question of the weight of evidence only has been presented, but, as we view the record, a reversal of this judgment upon that ground would involve an unauthorized usurpation of the province of the jury by the appellate court.

Judgment affirmed, with costs. All concur.